# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **T.H.**

**No. 15-0663** (Calhoun County 15-JA-3)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.H., by counsel Erica Brannon Gunn, appeals the Circuit Court of Calhoun County's June 9, 2015, order terminating her parental rights to twelve-year-old T.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda C. Dugas, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the child also in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children without granting her an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, the DHHR filed an abuse and neglect petition alleging that the parents exposed T.H. to domestic violence and abused illegal substances. The parents were adjudicated as abusive and neglectful parents. The circuit court granted the parents a post-adjudicatory improvement

---

[1]The guardian's response to this Court, which was incorrectly titled as a "Reply of Guardian Ad Litem to Petition for Appeal," fails to include a section regarding the status of the child. This information is of the utmost importance to this Court. The guardian's response also fails to cite to the record on appeal or any legal authority. We refer the guardian to Rules 10(c), 10(d), 10(e), and 11(j) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to clearly exhibit appropriate citations to the record on appeal and legal authority upon which they rely. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

period and provided them with services to address the underlying issues which necessitated the filing of the underlying petition. The parents complied with services and regained custody of T.H.

In January of 2015, the DHHR filed an abuse and neglect petition alleging that the parents emotionally and psychologically abused T.H., in that they exposed him to repeated episodes of domestic violence. The DHHR also alleged that the parents were addicted to illegal substances, that petitioner failed to protect T.H. from domestic violence, and that the parents exposed T.H. to other individuals who were addicted to illegal substances. In March of 2015, the circuit court held an adjudicatory hearing. Petitioner stipulated that she exposed the child to domestic violence and inappropriate individuals and that she failed to protect T.H. The circuit court found that petitioner was an "abusive and neglectful parent."

In May of 2015, the circuit court held a dispositional hearing. Petitioner moved for an improvement period. Petitioner presented the testimony of DHHR worker Loretta Smith. Ms. Smith testified that T.H. has a bond with petitioner and that he wants to continue to have contact with her. Ms. Smith also testified that there were not any additional services that could be provided to address the underlying conditions of abuse and neglect because she provided petitioner "every single thing [she] could think of in the first case." Finally, Ms. Smith testified that petitioner tested positive for marijuana during the underlying proceedings. Importantly, petitioner testified that she started therapy, but failed to complete it. Petitioner also testified that despite divorcing her abuser, she allowed him to live with her for approximately one month in violation of a condition of his bond in a criminal case. Following the dispositional hearing, the circuit court determined that there was no likelihood that petitioner could substantially correct the conditions of neglect or abuse in the foreseeable future and the child's best interests required termination. By order entered on June 9, 2015, the circuit court terminated petitioner's parental rights to T.H. This appeal followed

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period because she acknowledged the issues of abuse and neglect when she made several stipulations at adjudication. Pursuant to West Virginia Code § 49-6-12(b)(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In the case sub judice, it is clear that the circuit court did not abuse its discretion in denying petitioner's motion. As noted above, petitioner was provided with "every single [service]" in 2012 to correct identical conditions of abuse and neglect, which included domestic violence counseling, but failed to benefit from those services as evidenced by her conduct in 2015. Following the completion of her prior improvement period, she continued to expose T.H. to episodes of domestic violence and place T.H. in unsafe situations. Importantly, petitioner testified that she "started therapy" but "didn't complete it." Moreover, petitioner also testified that despite divorcing her abuser, she allowed him to live with her for approximately one month in violation of a condition of his bond in a criminal case. Therefore, following our thorough review of the record on appeal, we find no error in the circuit court's order denying petitioner's motion for an improvement period.

Petitioner next argues that the circuit court erred in terminating her parental rights because the evidence fails to support a finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse or neglect. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there is no reasonable likelihood that a parent could substantially correct the conditions of abuse or neglect in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" While petitioner maintains that she was likely to follow through with rehabilitative services, as evidenced by divorcing her abuser, the circuit court properly considered petitioner's continued behavior. The evidence below showed that petitioner completed an improvement period in the 2012 proceeding; however, she continued to expose T.H. to episodes of domestic violence and failed to protect T.H. Further, petitioner acknowledged that it was not in T.H.'s best interest to be exposed to her current boyfriend. Based on the foregoing, we cannot find reversible error in the circuit court's conclusion that petitioner failed to follow through with services offered to her in the prior proceedings, and that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future.

Finally, petitioner argues that the circuit court erred in terminating her parental rights to T.H., without properly considering T.H.'s wishes. This Court finds no merit to petitioner's argument. West Virginia Code § 49-6-5(a)(6)(C) provides in relevant part that "the court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." The circuit court was not required to consider the T.H.'s wishes because he was only twelve years old at the time of the proceedings. Further, the record is devoid of any evidence to show that T.H. was of an appropriate age of discretion. Regardless, the DHHR worker specifically testified as to T.H.'s desire to continue his relationship with petitioner. Therefore, based on the circumstances of this case, we find no error to warrant reversal.

3

For the foregoing reasons, we find no error in the decision of the circuit court and its June 9, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 23, 2015


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4